01
02
03
04
05
06           UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
07                      AT SEATTLE

08  BRIAN K. JOHNSON,                    )   CASE NO. C09-0115-JLR
                                         )
09         Plaintiff,                    )
                                         )
10         v.                            )
                                         )   REPORT AND RECOMMENDATION
11  WA STATE SUPREME COURT, et al.,      )
                                         )
12         Defendants.                   )
    _____ )
13

14       Plaintiff Brian K. Johnson, proceeding *pro se*, filed an application to proceed *in forma*

15  *pauperis* (IFP) (Dkt. 1) and a proposed 42 U.S.C. § 1983 complaint (Dkt. 1-2). Mr. Johnson

16  alleges that he was wrongfully prosecuted, convicted, and imprisoned by the Washington state

17  court system (King County Superior Court, Washington State Court of Appeals, and Washington

18  State Supreme Court), King County Prosecutor Daniel Satterberg, King County prosecutors Erin

19  Norgaard and Ann Summers, and the Secretary of the Washington State Department of

20  Corrections Eldon Vail. (Dkt. 1-2, at 1-4). Mr. Johnson's proposed complaint is frivolous, fails

21  to state a claim upon which relief may be granted, and seeks monetary damages mostly from

22  immune defendants. The Court therefore recommends DENYING the request to proceed IFP,

and DISMISSING this action without prejudice as to Mr. Vail and with prejudice as to the other defendants.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Mr. Johnson's proposed complaint suffers from all three defects.

Mr. Johnson charges that defendants conspired in the following manner:

> [T]o deny my . . . constitutional rights in my pre-trial that created deliberate indiffer[e]nce and thus far by the state of WA[] who continue to uphold this bogus case and WA D.O.C. I've put in my petitions to the appe[llate] courts, and state supreme court and have exhausted all my remedies to be only denied of my federal rights, and by doing, created a violation of my 8th Amend. [right against] cruel and unusual punishment inflicted and violation of my 14th Amendment [right] of due process and equal protection, fundamental fairness. It has also affected my family by this form of tyrannical rule by the state of WA[] who also deprived me of my rights . . . . And all who were involved "<u>must</u>" be criminal[ly] charge[d] . . . under 18 U.S.C. § 241, & 242.

(Dkt. 1-2, at 4.) Mr. Johnson does not, however, specify which defendants violated his rights, what acts the named defendants committed, and what injuries (aside from imprisonment based on the state court convictions) he suffered. Rather, Mr. Johnson provides a laundry list of violations without attaching them to a person, place, time, or action. (*See, e.g.*, Dkt. 1-2, at 6-9 (referring, without reference to the named defendants, to double jeopardy, the right of confrontation, the Speedy Trial Act, due process, cruel and unusual punishment, ineffective assistance of counsel, and equal protection).) The true nature of Mr. Johnson's suit is revealed in his requested relief. Mr. Johnson asks the Court (1) to dismiss two state domestic violence cases; (2) to reprimand "all

officials" for criminal conspiracy; (3) to change the state system or sanction the state so the system changes; and (4) to award him monetary damages of $20 million. (*Id.* at 15.) That is, Mr. Johnson seeks invalidation of his criminal convictions, reprimands and alterations of the state court system, and monetary damages against the legal system and those responsible for convicting and incarcerating him.

Mr. Johnson's attempt to invalidate his criminal convictions is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the Supreme Court held that where a § 1983 action implies the invalidity of a criminal conviction or sentence, the action may not proceed *unless* plaintiff first succeeds in overturning the underlying conviction or sentence through direct appeal or a post-conviction proceeding. *Heck*, 512 U.S. at 486-87. Here all of the alleged violations stem from the fact that the state court convicted Mr. Johnson. He is thus barred by *Heck* from bringing this § 1983 action unless he can show that he has succeeded in overturning his underlying conviction or sentence through direct appeal or collateral proceedings. The Court notes that Mr. Johnson has already had one habeas action dismissed for failure to exhaust state remedies and has since brought other habeas and § 1983 cases. *See Johnson v. Van Boening*, C08-114-JLR-MAT (filed Jan. 26, 2009) (pending 28 U.S.C. § 2254 habeas petition); *Johnson v. Vail*, No. C08-5464-FDB-JDA (W.D. Wash. filed Oct. 28, 2008) (pending § 1983 action); *Johnson v. Holtgeerts*, No. C08-233-RAJ (W.D. Wash. filed Feb. 12, 2008) (dismissing §2254 petition for failure to exhaust state remedies); *Johnson v. King County Jail*, No. C08-232-RSM (filed Feb. 12, 2008) (pending recommendation by the undersigned judge that the § 1983 action be dismissed for plaintiff's failure to comply with order compelling participation in a deposition). Mr. Johnson's present § 1983 action is frivolous because "it lacks an arguable basis either in law

REPORT AND RECOMMENDATION
PAGE -3

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

There are also other reasons the Court cannot provide the relief that Mr. Johnson seeks. He invokes criminal conspiracy statutes as the legal grounds for reprimanding the individual defendants, but those statutes do not afford a private right of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242). Claims for money damages against judges—and by extension, the Washington state courts that issued and upheld Mr. Johnson's convictions (should they be considered "persons" for purposes of § 1983)—are barred by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Similarly, claims for money damages against the named prosecutors are barred by absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-32 (1976). The circumstances do not demand an exception to those broad immunities because it is clear that Mr. Johnson challenges the courts and the prosecutors only for performing their traditional roles. Furthermore, a plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. In this case, Mr. Johnson fails to allege the personal participation of King County Prosecutor Daniel Satterberg and Secretary of the Washington State Department of Corrections Eldon Vail in the alleged constitutional violations and, instead, relies solely on their roles as supervisors. In fact, all of Mr. Johnson's allegations fail to state a claim due to noted omissions: Mr. Johnson never refers to a specific defendant committing any specific act that might constitute a constitutional violation.

Because this action appears to be frivolous, fails to state a claim upon which relief can be

granted, and seeks monetary damages from immune defendants, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6). The fact that Mr. Johnson is no longer a prisoner does not change this conclusion.[1] *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). The Court advises Mr. Johnson of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If Mr. Johnson files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. If a plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this Court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Because of the severe deficiencies in Mr. Johnson's proposed complaint, his application to proceed IFP should be DENIED and this case DISMISSED without prejudice as to Eldon Vail and with prejudice as to the other defendants. 28 U.S.C. § 1915(e)(2)(B). A proposed Order of Dismissal accompanies this Report and Recommendation. If Mr. Johnson believes that the deficiencies outlined herein can be cured by an amendment to his complaint, he should lodge an amended complaint as part of his objections, if any, to this Report and Recommendation.

DATED this 17th day of February, 2009.

Mary Alice Theiler
United States Magistrate Judge

---

[1] On February 5, 2009, Mr. Johnson informed the Court that he had been released from confinement. (Dkt. 5.)